PETER H. MASON (State Bar No. 71839)
RYAN T. MCCOY (State Bar No. 239882)
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
Email: pmason@fulbright.com
        rmccoy@fulbright.com

Attorneys for Defendant
FARMERS NEW WORLD LIFE INSURANCE
COMPANY

BENJAMIN BLAKEMAN (State Bar No. 60596)
3055 Wilshire Blvd, Suite 480
Los Angeles, CA 90010
Telephone: (213) 384-5660
Facsimile: (213) 232-3230
Email: ben@lifeinsurance-law.com
Attorney for Plaintiffs
AIDA HORWITZ and SOCORRO PEREZ

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDA HOROWITZ and SOCORRO PEREZ, | Civil Action No. CV 10 4722 DMG (MANx) |
| Plaintiffs, | **PROTECTIVE ORDER ENTERED PURSUANT TO THE STIPULATION OF THE PARTIES** |
| v. | |
| FARMERS NEW WORLD LIFE INSURANCE COMPANY, A CORPORATION and DOES 1-5, inclusive, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation"), filed on December 9, 2010, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court except to the extent, as set forth below, that those

DOCUMENT PREPARED
ON RECYCLED PAPER

terms have been modified by the Court's deletion of Paragraph 1 of the Stipulation, renumbering of the following paragraphs, and substantive amendment of the paragraphs now set forth as Paragraphs 12 and 15 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "CONFIDENTIAL" or Protected Information or other designation(s) used by parties does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Order or to the parties' designation of any information, document, or thing as "CONFIDENTIAL" or Protected Information or other designation(s) used by parties is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "CONFIDENTIAL" or Protected Information or other designation(s) used by parties does not — without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable — constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the

party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## <u>TERMS OF PROTECTIVE ORDER</u>

**1.     Nondisclosure of Protected Information**.   Documents, tangible items, discovery responses, deposition testimony, or other material or media containing confidential information disclosed or produced by any party in this litigation are referred to as "Protected Information."  Except as otherwise indicated below, all documents, tangible items, discovery responses, deposition testimony or other information designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for other parties to this litigation are Protected Information and are entitled to confidential treatment as described below.

**2.     Marking of Protected Information**.  Any designation of Protected Information made in accordance with this Protective Order also shall apply to all documents that reproduce, paraphrase, summarize or otherwise contain information from the documents, materials, testimony, and information so designated. Documents, materials, testimony, and information shall be designated as follows:

(a)     Hard Copy and/or Imaged Documents.     Documents containing Protected Information may be designated by any party as "confidential" by marking each page of the document so designated with a stamp stating "CONFIDENTIAL."

(b)     Electronic Documents Produced In Native Form.   To avoid altering documents produced in native form, the producing party shall stamp or label the front of any CD, DVD, or other electronic media containing any group of produced documents with the term "CONFIDENTIAL."

(c)     Non-written materials.   For materials produced in non-written form, the party making the designation shall notify all parties in writing of the designation being made and describe in detail the specific materials that are being designated. In the case of non-written media, such as videotapes, DVDs, hard drives, or computer diskettes, the producing party shall prominently stamp or label the media produced with the term "CONFIDENTIAL."

**3.     Published Documents**.   Protected Information shall not include materials that on their face show they have been published to the public.

**4.     Declassification**.   A party will designate information as "Confidential" only if it believes in good faith that it contains Confidential Information.   If a party believes that material has been improperly designated as Protected Information subject to this Protective Order, that party's counsel ("Challenging Party") shall so notify, in writing, counsel for the party or other person or entity producing the Protected Information ("Responding Entity").   The Challenging Party and Responding Entity shall then meet and confer in good faith concerning such disputed designation within seven (7) days of receipt of the notice.   If the dispute is not resolved by mutual agreement, the Challenging Party may move the Court to remove the confidential designation of the documents or materials produced. Information designated as Protected Information shall remain subject to the terms of this Protective Order pending the Court's determination of any motion for removal such protection.   On any such motion the Responding Entity will bear the

burden of proof that the Confidential designation in question should not be removed.

**5.    Additional Orders**.   This Protective Order shall not abrogate any party or other entity's right to refuse to produce Protected Information, or to redact certain portions thereof, upon proper grounds, including without limitation, on the basis of any applicable privilege or statute.   Furthermore, any party may also seek further protective orders as they may deem appropriate to safeguard Protected Information.

**6.    Use of Protected Information**.   Protected Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided in Paragraph 7 below.   Protected Information shall be used solely for the purpose of preparation and trial of this litigation, and for no other purpose.   This prohibition does not prevent a party or entity from using or disclosing information obtained independently of a Responding Entity and does not prevent any party from disclosing any of its own Protected Information to its counsel of record, employees of such counsel, to its experts, consultants and investigators or to the Qualified Persons designated below.

**7.    Permissible Disclosure of Protected Information**.   All Protected Information shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person or entity, except as provided in this Protective Order. Access to and/or disclosure of information designated as "CONFIDENTIAL" shall be limited to the following individuals ("Qualified Persons"):

(a)     The parties (or, when the party is not a natural person, their employees or representatives) and counsel of record in this action for the party or parties receiving the Protected Information;

(b)     Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

(c)     Witnesses, including expert witnesses (and their staff), and consultants or investigators, who have agreed in writing (in the form attached as Exhibit A) to be bound by this Protective Order, and their counsel, if any, provided such counsel also has agreed in writing (in the form attached as Exhibit A) to be bound by this Protective Order.  Those individuals' written agreements shall be retained by counsel for the non-producing party and furnished to counsel for the producing party when the witness is disclosed in the litigation;

(d)     Court reporter(s) employed in this action; and

(e)     The Court, including its employees and the jury.

No provision in this section shall be construed as limiting the subpoena power of another court in a separate action.  If a Party receives a subpoena requesting documents received under this Protective Order from a producing party, the party shall promptly notify the producing party so that the producing party may have an opportunity to seek a protective order.

**8.     Copies**.  The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.  No person shall make copies, extracts or summaries of Protected Information, except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the litigation of this action.  Counsel and other persons to whom the Protected Information is disclosed pursuant to Paragraph 7 of this Protective Order shall take all reasonable and appropriate precautions to avoid loss or inadvertent disclosure of such Protected Information.

**9.     Requirements to File Under Seal; Filing with the Court**.  If a party wishes to file with the Court a pleading, motion, memorandum, brief, deposition transcript, discovery request or response, exhibit, or other document that produces paraphrases, summarizes, or otherwise contains any Protected Information, the party filing the materials shall comply fully with all applicable local rules relating

to filings under seal including, without limitation, Local Civil Rule 79-5.1.  The party applying for filing or lodging a document under seal shall file a public version of the document with the confidential material redacted.

**10.    Depositions**.   To the extent that Protected Information is used at depositions, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the testimony referring to the Protected Information.  Testimony is Protected Information under the terms of this Protective Order only if counsel for a party advises the court reporter and opposing counsel of such designation at the deposition, or by written designation to all parties and the court reporter within fourteen (14) days after receiving the transcript of such deposition or hearing of the specific pages and lines of the transcript (or numbered exhibits) that should be treated as Protected Information thereafter.  If the designation is made in writing after the deposition or hearing, each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in his, her or its possession, custody or control.

To the extent possible, the court reporter shall identify in the transcript the designation of Protected Information.

Disclosure of Protected Information to a witness during a deposition shall not constitute waiver of the designation of such information as Confidential for all other purposes provided herein.  Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Protective Order.

**11.    Transcripts**.   Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Information designated as such under this Protective Order shall remain confidential and shall

DOCUMENT PREPARED
ON RECYCLED PAPER

not be disclosed by them, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

**12.   Inadvertent Production**.   The inadvertent failure to designate Protected Information properly (or at all) in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of a party's right to thereafter designate such information as confidential within thirty (30) days after such disclosure.

Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product doctrine or any other applicable privilege or protection from disclosure shall not constitute a waiver of, nor prejudice to, any claim that such **documents or information** or related material is privileged or protected by the work product doctrine or any other applicable privilege or protection from disclosure, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.   Such inadvertent produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned, provided, however, that receiving party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production.

**13.   Prohibition Against Dissemination**.  The party or parties receiving Protected Information shall not under any circumstances share, sell, offer for sale, provide for free or otherwise disseminate, advertise, or publicize Protected Information.  This prohibition does not prevent a party from using or disclosing documents or information obtained independently of a responding party.

**14.    Nontermination and Disposition of Protected Information**.  After termination of this litigation, including the exhaustion of appeals, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record through no violation of this Protective Order or fault of any party or entity other than the producing party.  Within 90 days after the final conclusion of this Action by settlement, judgment without appeal, or issuance of a mandate by an appellate court, counsel of record for each party shall, upon request, return to the applicable designating party or non-party, or certify to them in writing that it has destroyed, all Protected Information designated by such party or non-party during the course of this Action, including all copies of discovery and all excerpts or summaries thereof or any other materials derived therefrom or referring thereto, except that each counsel of record may maintain a single copy of all pleadings containing such information and except for any documents properly classified as work product.

**15.    Binding Effect**.  Any party designating any person as a Qualified Person **pursuant to Paragraph 7(a) through (d)** shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.  This Protective Order shall be binding upon persons executing Exhibit A hereto, the parties, and their respective attorneys, successors, representatives, administrators, heirs, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

///

///

///

///

**16.     Application for Modification**.  Nothing in this Protective Order shall preclude any party from applying to the Court for a modification of the Protective Order.

**IT IS SO ORDERED.**

DATED:  January 5, 2011

_Margaret A. Nagle_
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

DOCUMENT PREPARED
ON RECYCLED PAPER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DOCUMENT PREPARED
ON RECYCLED PAPER

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE CENTRAL DISTRICT OF CALIFORNIA

3

4    AIDA HOROWITZ and SOCORRO          )   Case No.  CV 10 4722 DMG (MANx)
     PEREZ,                             )
5                                       )
                   Plaintiffs,          )   **DECLARATION AND**
6                                       )   **AGREEMENT TO BE BOUND BY**
          v.                            )   **PROTECTIVE ORDER**
7                                       )
     FARMERS NEW WORLD LIFE             )
8    INSURANCE COMPANY, A               )
     CORPORATION and DOES 1-5,          )
9    inclusive,                         )
                                        )
10                 Defendants.          )
                                        )
11                                      )
                                        )
12                                      )
                                        )
13   _____   )

14        I, _____, acknowledge and declare

15   as follows:

16        1.    My address is:

17   _____

18   _____.

19        2.    I have received a copy of the Protective Order in this Action; I have

20   carefully read and understand the provisions of the Protective Order; and I agree to

21   comply with, and to be bound by, its terms.

22        3.    I will hold in confidence, not disclose to anyone not qualified under

23   the Protective Order, and will use only for purpose of this Action, materials that are

24   disclosed to me and marked or designated as "Confidential" or as Protected

25   Information as defined in the Protective Order.

26        4.    I will immediately return all materials marked or designated as

27   Confidential Information or as Protected Information that may come into my

28

possession, and documents or things which I may prepare relating thereto to counsel for the party producing such materials upon receipt of a request to do so at the conclusion of the Action.

5.      I hereby irrevocably consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of any proceeding to enforce or secure compliance with the terms of this Protective Order, or to punish the breach of any of the terms of this Protective Order.  I understand that I may be found in contempt of court if I violate this Agreement.

6.      I understand and agree that my obligations under this Certification and Agreement and the Protective Order will survive and continue beyond the termination of the Action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____

Signature

_____

Printed Name

Document Prepared
on Recycled Paper